## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATRON CASTLEBERRY<br>1011 Debusk Street<br>Jacksonville, TX 75766<br><br>and<br><br>JOHN BROWN<br>158 County Road 2432<br>Alto, TX 75925<br><br>                 Plaintiff,<br>     v.<br><br>STI GROUP<br>204 Wilson Industrial Drive<br>Towanda, PA 18848<br><br>and<br><br>CHESAPEAKE ENERGY<br>CORPORATION<br>1 Fox Chase Drive<br>Towanda, PA 18848<br>              Defendants. | CIVIL ACTION NO.:<br><br>**CIVIL ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiffs Atron Castleberry (hereinafter "Plaintiff Castleberry") and John Brown (hereinafter "Plaintiff Brown") (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendants STI Group (hereinafter "Defendant STI") and Chesapeake Energy Corporation (hereinafter "Defendant Chesapeake") (hereinafter collectively "Defendants").

## INTRODUCTION

1.      Plaintiffs initiate this action to redress violations by Defendants of 42 U.S.C. § 1981 (hereinafter "Section 1981"). Defendants subjected Plaintiffs to a hostile work environment and

discrimination on the basis of his race (African American). Defendants then fired Plaintiffs (twice) in retaliation for their complaints about same and/or due to their race.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, 42 U.S.C. § 1981, *et seq*.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4.      Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein as if set forth in full.

6.      Plaintiffs are adult individuals with addresses as set forth in the caption.

7.      Defendant STI is a corporation with a place of business at the address set forth in the caption.

8.      Defendant Chesapeake is a corporation with a place of business at the address set forth in the caption.

9.      Because of their interrelation of operations, common management, common control over labor relations, and other factors as they relate to Plaintiffs, Defendant STI and Defendant Chesapeake are sufficiently interrelated and integrated in their activities, labor relations, and management as same relate to Plaintiffs that they may be treated as a single employer for purposes of the instant action.

10.     Defendant STI and Defendant Chesapeake were joint employers of Plaintiffs.

11.     Plaintiffs were jointly employed by Defendant STI and Defendant Chesapeake.

12.     At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendants.

## FACTUAL BACKGROUND

13.     The foregoing paragraphs are incorporated herein as if set forth in full.

14.     Plaintiffs are a African American males.

15.     Defendant STI hired Plaintiff Castleberry in or around March of 2010.

16.     Defendant STI hired Plaintiff Brown in or around March of 2010.

17.     Defendant STI is a subcontractor/placement staffing agency for Defendant Chesapeake.

18.     Defendant STI hired Plaintiffs and placed Plaintiffs at Defendant Chesapeake as general laborers.

19.     Plaintiffs were assigned to a crew under Defendant STI's superintendent Glenn Wyatt (hereinafter "Superintendent Wyatt") and Defendant STI's project manager Jim Bender (hereinafter "Project Manager Bender").

20.     Throughout the course of Plaintiffs' employment with Defendants, Plaintiffs reported directly to Superintendent Wyatt and Project Manager Bender.

21.     At all times relevant herein, Plaintiffs' work was also overseen by Defendant Chesapeake's Head of Safety, Tammy Bennett (hereinafter "Head of Safety Bennett").

22.     At all times relevant herein, Head of Safety Bennett was a high-level supervisor of Plaintiffs and many of their co-workers and managers.

23.     At all times relevant herein, Plaintiffs' work was also overseen by Defendant Chesapeake's Director of Safety, Shad MacNaughton (hereinafter "Director of Safety MacNaughton").

24.     At all times relevant herein, Director of Safety MacNaughton was a high-level supervisor of Plaintiffs and many of their co-workers and managers, including Head of Safety Bennett.

25.     At all times relevant herein, Plaintiffs worked on a worksite of Defendant Chesapeake that was adjacent to property owned by Head of Safety Bennett.

26.     During said time, Defendant Chesapeake was running a pipeline through Head of Safety Bennett's property.

27.     On or about November 30, 2012, as part of Plaintiffs' and their co-workers' employment duties, Plaintiffs and their co-workers were required to remove a fence on Head of Safety Bennett's property, in order to allow Defendant Chesapeake to run the pipeline.

28.     As Plaintiffs and their co-workers were in the process of removing the fence, Head of Safety Bennett approached them and stated that they "**nigger-rigged**" the fence.

29.     Head of Safety Bennett then asked Plaintiff Castleberry whether he was offended by her use of the racial slur.

30.     Plaintiff Castleberry responded that he was offended by Head of Safety Bennett's use of the racial slur.

31.     Head of Safety Bennett then told Plaintiff Castleberry that he should learn how to "take a joke."

32.     Head of Safety Bennett then sped away in her truck.

33.     Plaintiff Castleberry and seven (7) co-workers signed a statement regarding the conversation referred to in the immediately preceding paragraphs of this Complaint.  Attached as Exhibit A is a true and accurate copy of said statement.

34.     Plaintiff Castleberry called and reported Head of Safety Bennett's highly offensive use of the word "**nigger**" to Superintendent Wyatt.

35.     Plaintiff Brown also called and reported Head of Safety Bennett's highly offensive use of the word "**nigger**" to Superintendent Wyatt and Project Manager Bender.

36.     Superintendent Wyatt asked another project manager of Defendant STI, Hunter Pennick (hereinafter Project Manager Pennick), to file a formal complaint.

37.     On or about November 30, 2012, Project Manager Pennick emailed Director of Safety MacNaughton about Head of Safety Bennett's use of the word "**nigger**."

38.     On December 5, 2012, Director of Safety MacNaughton confirmed receipt of the November 30, 2012 email complaint.

39.     Upon information and belief (because Plaintiffs were never interviewed by either), neither Defendant STI's nor Defendant Chesapeake's Human Resources Department conducted an investigation into Plaintiff Castleberry's complaint of Head of Safety Bennett's use of the word "nigger."

40.     Within approximately two (2) weeks thereafter, Defendants fired Plaintiffs.

41.     Defendants fired Plaintiffs without stating a reason for the termination.

42.     Upon information and belief, Head of Safety Bennett caused Plaintiffs' firing, and she caused Plaintiff Castleberry's firing because he had complained and/or caused a complaint to be filed about her use of the word "nigger."

43.     A week or so later thereafter, Plaintiffs were rehired by Defendant STI and Defendant Chesapeake; this was done by Project Manager Bender and Superintendent Wyatt, as they recognized that Plaintiffs should not have been fired in the first place.

44.     On January 25, 2013, Plaintiffs were again fired by Defendants, stating "lack of work" as the reason behind the firing.

45.     Upon information and belief, Head of Safety Bennett again caused Plaintiffs' firing, and she caused Plaintiff Castleberry to be fired because he had complained and/or caused a complaint to be filed about her use of the word "nigger."

## COUNT I
## Violations of 42 U.S.C. § 1981
### (Harassment)

46.     The foregoing paragraphs are incorporated herein as if set forth in full.

47.     Plaintiffs were subjected to severe racial harassment which was both offensive and unwelcome.

48.     Defendants failed to remedy the racial harassment to which Plaintiffs was subjected even after receiving notice of same; rather, Defendants fired Plaintiffs, twice.

49.     Any reasonable person would have felt that he or she was being subjected to racial harassment due to the use of the highly offensive racial slur by management, and by Defendants' failure to effectively remedy such harassment after being put on notice of same, and by Defendants' retaliatory conduct taken in response to Plaintiffs' complaints of harassment.

50.     Defendants' actions as set forth above constitute violations of § 1981.

51.     Plaintiffs have suffered harm as a result of Defendants' actions.

## COUNT II
## Violations of 42 U.S.C. § 1981
### (Discrimination)

52.     The foregoing paragraphs are incorporated herein as if set forth in full.

53.     Defendants fired Plaintiffs (twice), at least in part, due to their race (African American).

54.     Defendants actions as set forth above constitute violations of 42 U.S.C. § 1981.

55.     Plaintiffs have suffered harm as a result of Defendants' actions.

## COUNT III
## Violations of 42 U.S.C. § 1981
### (Retaliation)

56.     The foregoing paragraphs are incorporated herein as if set forth in full.

57.     Plaintiffs complained about the use of the word "nigger" by Head of Safety Bennett.

58.     Defendants fired Plaintiffs (twice) for complaining about the use of the word "nigger" by Head of Safety Bennett.

59.     But for Plaintiffs complaining about the use of the word "nigger" by Head of Safety Bennett, Defendants would not have fired him.

60.     Defendants actions as set forth above constitute violations of 42 U.S.C. § 1981.

61.     Plaintiffs have suffered harm as a result of Defendants' actions.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A.     Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiffs or anyone else on any basis forbidden by 42 U.S.C. § 1981.

B.     Defendants are to promulgate and adhere to a policy prohibiting racial harassment and retaliation;

C.     Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to back and front pay;

D.     Plaintiffs are to be awarded actual damages, as well as damages for the emotional distress, pain, suffering, and humiliation caused by Defendants' actions;

E.     Plaintiffs are to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

F.      Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.      Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable law; and

H.      Plaintiffs are permitted to have a trial by jury.


                                        Respectfully submitted,

                                        **SWARTZ SWIDLER, LLC**

                                        */s/ Daniel A. Horowitz*
                                        Daniel A. Horowitz, Esq.
                                        Richard S. Swartz, Esq.
                                        1101 Kings Hwy N, Suite 402
                                        Cherry Hill, NJ 08034
                                        (856) 685-7420
                                        (856) 685-7417 Fax

Dated:  January 21, 2015


### DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.